PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Phillip D. McCall                    Docket Number:  08-cr-00288-REB-01

**Petition for Issuance of Arrest Warrant Due to Violation of Supervised Release**

COMES NOW, Kathleen A. Keenan, probation officer of the Court, presenting an official report upon the conduct and attitude of Phillip D. McCall, who was placed on supervision by the Honorable Robert E. Blackburn sitting in the court at Denver, Colorado, on the 24th day of February, 2009, who fixed the period of supervision at 3 years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.      The defendant shall participate in a program of testing and/or treatment for drug abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2.      The defendant shall participate in a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release all psychological reports and/or the presentence report for continuity of treatment.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant for violations of supervised release and that the petition and warrant be sealed until the arrest of the defendant.  Subsequent to the arrest of the defendant, that the Court consider revocation of supervised release.

ORDER OF THE COURT

Considered and ordered this 5th day of November, 2012, and ordered filed under seal and made a part of the record in the above case.

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Kathleen A. Keenan*

Kathleen A. Keenan
Senior United States Probation Officer

**s/ Robert E. Blackburn**

Robert E. Blackburn
United States District Judge

Place:   Colorado Springs, Colorado
Date:    October 31, 2012

**ATTACHMENT**

On August 8, 2011, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided with a copy of them. The term of supervised release commenced on August 8, 2011.

The defendant has violated the following conditions of supervised release:

1.      **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about August 16, 2012, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by his physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On August 16, 2012, the defendant submitted a urine sample at Bridge to Awareness, our federally contracted substance abuse program, that tested positive for the use of marihuana. I spoke to the defendant on    September 6, 2012, and he admitted to the use of marihuana. The defendant stated that he met a young lady, gave her a ride home, and it led to his using marihuana. At that time, the defendant was advised that any further use of a controlled substance and/or failures to submit to drug testing would result in a request for Court intervention.

2.      **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about October 17, 2012, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by his physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On October 17, 2012, the defendant submitted a urine sample at Alano House, our federally contracted substance abuse program, that tested positive for the use of methamphetamine. It is noted, that the defendant reported to the agency for an individual counseling session and was instructed to submit to drug testing. The defendant stated he would not as his number was not up that date and he had not been told to submit to drug testing by his probation officer. I had previously submitted a request to Alano House as the defendant had failed to submit to drug testing as directed on October 8, 2012. I called the defendant on October 17, 2012, and instructed him to return to the treatment agency and submit to drug testing. On October 25, 2012, I spoke to the defendant and he stated he did not use methamphetamine and the positive result was probably due to medications he was taking for having tonsilitis. On October 30, 2012,  Alere Laboratory, our federally contracted laboratory, confirmed the urine sample submitted by the defendant on October 17, 2012, was positive for methamphetamine.

3. **FAILURE TO PARTICIPATE IN DRUG TREATMENT AS DIRECTED BY THE PROBATION OFFICER (URINALYSIS):**

The defendant failed to submit urine samples at Bridge to Awareness, the testing and treatment program in which the probation officer had directed him to participate on February 24, 2012; March 2, 2012; March 23, 2012; April 2, 2012; April 24, 2012; May 3, 2012; May 14, 2012; May 25, 2012; June 11, 2012; June 27, 2012; July 6, 2012; July 18, 2012; July 26, 2012; July 27, 2012; August 8, 2012, and September 24, 2012, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On August 8, 2011, the defendant was referred to Bridge to Awareness, our federally contracted substance abuse program, and directed to participate in the random drug testing program. Prior to February 2012, the defendant had missed a few random drug tests, but from that date on, his failure to submit to drug testing as directed became chronic. On February 24, 2012, and again on March 2, 2012, the defendant failed to submit to drug testing as directed. On March 14, 2012, I met with the defendant and he reported he failed to submit to drug testing on February 24, 2012, as he forgot to call the program. He stated he failed to submit to drug testing on March 2, 2012, as he was taking a class for airborne diseases in conjunction with his job and was unable to get to the treatment agency on time. The defendant was instructed to submit to drug testing as required.

On March 23, 2012, and again on April 2, 2012, the defendant failed to submit to drug testing as directed. On April 5, 2012, I met with the defendant at his residence to discuss his noncompliance. The defendant reported he failed to submit to drug testing as he had difficulty obtaining transportation to the treatment agency.

On April 2, 2012, and again on April 24, 2012, the defendant failed to submit to drug testing as directed. On May 11, 2012, I spoke to the defendant and he reported that he failed to submit to drug testing as directed as he did not call the program on those dates to determine if he was required to submit to drug testing on those dates. Again, the defendant was instructed to comply with random drug testing as directed.

On May 14, 2012, the defendant failed to submit to drug testing as directed. On May 18, 2012, I met with the defendant and he reported that he failed to submit to drug testing as he did not call the treatment program on May 14, 2012, to determine if he was required to submit to drug testing on that day. Again, the defendant was instructed to comply with random drug testing as directed. On May 25, 2012, the defendant failed to submit to drug testing as required. On June 6, 2012, I met with the defendant and his psychiatrist. The defendant reported that he was failing to submit to drug testing as directed because his psychiatric medications made him groggy and he was having difficulty focusing on his conditions of supervision. The defendant's medications were adjusted that date by the psychiatrist.

On June 11, 2012, the defendant failed to submit to drug testing as directed. I met with the defendant on that date at his residence, and he reported that he was doing fine on his new medication regimen. He further stated he knew that he needed to submit to drug testing that date, which he failed to do. On June 27, 2012, the defendant failed to submit to drug testing as directed. On July 5, 2012, I met with the defendant and he stated that the prior week had been bad for him and he failed to call the treatment agency as directed to determine if he was required to submit to drug testing. Again, the defendant was instructed to comply with drug testing as directed. The following day, July 6, 2012, he failed to submit to drug testing as directed.

On July 18, 2012, the defendant failed to submit to drug testing as directed. On July 25, 2012, I spoke to the defendant and instructed him to report to Bridge to Awareness that day and submit to drug testing without fail. Based on his failure to comply, I advised him I was not able to rule out that his noncompliance was not due to the use of a controlled substance. The defendant failed to submit to drug testing as directed. On July 26, 2012, I met with the defendant at his residence and he was very agitated. The defendant stated he went to Bridge to Awareness on July 25, 2012 as directed, but became paranoid and left the agency. In my discussions with the treatment agency, no one remembered seeing the defendant at the treatment agency on July 25, 2012.

On July 27, 2012, the defendant failed to submit to drug testing as directed. On July 30, 2012, I spoke to the defendant and instructed him to report to the probation office on July 31, 2012, to discuss his noncompliance. The defendant did report to the office on July 31, 2012, and submitted to drug testing that resulted in a negative result for the usage of a controlled substance.

On August 8, 2012, the defendant failed to submit to drug testing as directed. On August 15, 2012, I met with the defendant at his residence and instructed him to report to Bridge to Awareness on that day and submit to drug testing. On August 16, 2012, the defendant left a voice message stating he was unable to submit to drug testing as directed on August 15, 2012, as he had no transportation. I called the defendant and instructed him to report to Bridge to Awareness. As noted above, the defendant submitted a urine sample at Bridge to Awareness on August 16, 2012, that tested positive for the use of marihuana.

On September 14, 2012, and again on September 24, 2012, the defendant failed to submit to drug testing as directed. On September 24, 2012, I met with the defendant to discuss his noncompliance and to set him up with the new treatment agency that would be providing services effective October 1, 2012. The defendant was instructed to comply with random drug testing and counseling at Bridge to Awareness until September 30, 2012. The defendant failed to submit to drug testing on September 24, 2012.

4.      **FAILURE TO PARTICIPATE IN DRUG TREATMENT AS DIRECTED BY THE PROBATION OFFICER (URINALYSIS):**

The defendant failed to submit urine samples at Alano House, the testing and treatment agency in which the probation officer had directed him to participate, on October 9, 2012, and again on October 11, 2012, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On September 24, 2012, I met with the defendant and referred him to Alano House, our newly contracted substance abuse program, and directed him to participate in the random drug testing program. On October 8, 2012, the defendant completed an intake at Alano House and was provided with instructions regarding participation in the random drug testing program. On October 9, 2012, the defendant failed to submit to drug testing as directed. On October 10, 2012, I spoke to the defendant and he stated he called the treatment program and his number was not listed which would require him to submit to drug testing. However, a review of calls recorded at the agency did not include either the defendant's cell number and/or his mother's phone number used to call the UA line at the treatment agency. On October 11, 2012, the defendant failed to submit to drug testing as directed. On October 11, 2012, the defendant was at the treatment agency and directed to submit to drug testing. The defendant stated he was unable to provide a urine sample and would be back later in the day to submit to drug testing. The defendant failed to return to the program and failed to submit to drug testing as directed on October 11, 2012. As noted above, the defendant did submit to drug testing on October 17, 2012, resulting in a positive result for the use of methamphetamine.

5.      **FAILURE TO PARTICIPATE IN DRUG/MENTAL HEALTH TREATMENT AS  DIRECTED BY THE PROBATION OFFICER (COUNSELING):**

The defendant failed to participate in drug/mental health counseling at Bridge to Awareness, the testing and treatment program in which the probation officer had directed him to participate, on April 16, 2012; May 16, 2012; June 1, 2012; June 11, 2012, and June 25, 2012, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On August 8, 2011, the defendant was referred to Bridge to Awareness, our federally contracted substance abuse program and directed to participate in a substance abuse/mental health assessment. Upon completion of the assessment, the defendant was instructed to attend individual sessions two times per month to comply with transition issues and to further monitor any mental health needs. In January 2012, the defendant reported that he was feeling anxious, depressed and had difficulty focusing. The defendant was referred to the psychiatrist to determine if he would benefit from psychiatric medications to treat with his symptoms. On January 27, 2012, the defendant met with Dr. Jeffrey Harazin, the psychiatrist at Bridge to Awareness, and was diagnosed with Post Traumatic Stress Disorder, and Anti-Social Personality Disorder and was prescribed psychiatric medications to address his symptoms.

On April 4, 2012, the defendant failed to attend a treatment session with Dr. Harazin to review the defendant's medications. On April 5, 2012, I met with the defendant and he stated he forgot about the appointment and the defendant was directed to set up another appointment with Dr. Harazin. On May 14, 2012, and again on May 21, 2012, the defendant failed to attend counseling as directed. On May 22, 2012, I met with the defendant and he was instructed to comply with counseling as directed. On June 6, 2012, I met with the defendant and Dr. Harazin to discuss concerns regarding compliance with conditions of supervision and the defendant's report that current psychiatric medications were interfering with his ability to comply with conditions of supervision. The defendant's psychiatric medications were changed that date to address the defendant's concerns. On     July 25, 2012, I spoke to defendant and he reported that he was "freaking out" and had discontinued his use of psychiatric medications. The defendant was instructed to set up an appointment with his counselor at Bridge to Awareness and an appointment with Dr. Harazin. On July 26, 2012, I met with the defendant at his residence, the defendant was very agitated, sweating profusely and appeared confused. Due to the defendant's behavior,   I called the defendant's psychiatrist while I was there, for assistance. The defendant was told what medications he should take by the psychiatrist and instructed to go to Bridge to Awareness the following day to submit to drug testing and to see his counselor. The defendant failed to attend counseling on July 27, 2012, and failed to submit to drug testing as directed.

On July 31, 2012, the defendant met with Supervising Probation Officer Travis Cormaney and myself, to discuss the defendant's failure to comply with his conditions of supervision, and in particular,  random drug testing, taking prescribed medications, and attending counseling as directed. The defendant was instructed to see Dr. Harazin the following day and to attend his individual counseling session. On August 1, 2012, the defendant failed to attend the medication monitoring/review appointment with Dr. Harazin and to attend individual counseling as directed. On August 7, 2012, I spoke to the defendant and he reported that he failed to attend treatment on August 1, 2012, as he was moving his child and the mother of his child to Fort Collins, Colorado.

On August 15, 2012, I met with the defendant at his residence and he reported he stopped taking his psychiatric medications and he felt better. On that date, August 15, 2012, the defendant was instructed to go to Bridge to Awareness and submit to drug testing and to set up an appointment with his counselor. The defendant failed to submit to drug testing until August 16, 2012, and it is noted, the urine sample the defendant submitted on that date tested positive for the use of marihuana.

On September 5, 2012, the defendant met with Dr. Harazin and was advised by Dr. Harazin of the importance of taking psychiatric medication as directed. On September 6, 2012, I spoke to the defendant and he stated he understood the importance of taking his prescribed medications and attending counseling as directed. On September 17, 2012, the defendant failed to attend counseling as directed. On September 24, 2012, I met with the defendant and advised him of the transfer of services from Bridge to Awareness to Alano House effective October 1, 2012, and again stressed the importance of complying with treatment as directed. On that date, the defendant was told that further noncompliance would result in a return before the Court.

6. **FAILURE TO PARTICIPATE IN DRUG/MENTAL HEALTH TREATMENT AS  DIRECTED BY THE PROBATION OFFICER (COUNSELING):**

The defendant failed to participate in drug/mental health counseling at Alano House, the testing and treatment program in which the probation officer had directed him to participate, on  October 24, 2012, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On September 24, 2012, the defendant was referred to Alano House and instructed to participate in substance abuse/mental health counseling as directed.  On October 17, 2012, the defendant met with his therapist at Alano House and was instructed to attend a counseling session again on October 24, 2012.  The defendant failed to attend counseling as directed on October 24, 2012.  On October 25, 2012, the defendant was instructed to contact the SET program and set up an appointment to see the psychiatrist for medication monitoring.  He called the program on that date and stated he would not participate in treatment there until he verified their ability to provide services, by doing research online.  According to Tina Gonzales, SET programs manager, the defendant was argumentative and refused to listen to any suggestions she had regarding complying with medication monitoring and the need to take prescribed medications.  The defendant had earlier advised me that he was not taking his prescribed psychiatric medications because he thought it may interfere with surgery for inflamed tonsils if that was determined to be necessary.  He also advised Ms. Gonzales that he was not taking his medications as prescribed.